UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COOPERPRIEST 237 LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Act. No.: 1:23-cv-710 (RDA/JFA) |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, et al. | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT AND TO ADD PARTIES**

The Plaintiff COOPERPRIEST 237 LLC ("Plaintiff" or "Insured"), by counsel, and pursuant to F.R.C.P. Rule 15 and 19, file this Memorandum in Support of Plaintiff's Motion to Amend its Complaint and to Add Parties, and in support thereof states as follows:

**FACTUAL BACKGROUND**

This matter arises from Plaintiff's insurance claim for loss and damage resulting from a fire to a building located at 237 2nd St., Washington, DC (the "Property") which occurred on September 9, 2021. At the time of the fire, the building had been rented by the Plaintiff to HRH Services, LLC, the tenant who operated a restaurant at the location.

In June of 2021, the Plaintiff acquired the Property located at 237 2nd St., Washington, DC. At the time the Property was subject to a lease in which HRH Services, LLC was the tenant. At the time of the sale the Plaintiff acquired, as part of the transaction, all accounts receivable for past due rents from the Tenant. As part of the sale, notice was given to HRH Services, LLC that the lease for the building had been assigned by the Landlord to the Plaintiff as the new landlord,

and that the tenant was obligated to attorn to the new landlord. The tenant accepted the assignment and made some payments to Plaintiff following the sale, however, a large past due receivable remained due and owing. The tenant's obligations were guaranteed in an unconditional and absolute guarantee executed by the Defendants Scahill and Traverso, who are also members of the Tenant LLC.

Under the lease which had been assigned to the Plaintiff, the Tenant granted to the Landlord a security interest and lien interest in all of the business personal property, betterments, improvements and fixtures, and further granted the Plaintiff a lien and security interest in the proceeds of any insurance which may accrue to the Tenant by reason of damage to or destruction of any property at the Property. In addition to providing the Plaintiffs a lien interest and security interest in the business personal property, betterments, improvements, fixtures and insurance proceeds, the Tenant gave the Landlord the right to take possession of the same. Accordingly, after purchasing the Property and accounts receivable in June of 2021, the Plaintiff had a substantial and real interest in the business personal property, betterments, improvements, and fixtures and insurance proceeds of the Tenants insurance policy.

When the Property was purchased in June 2021 the Plaintiff added this property to its other properties which were insured by Selective Insurance Company. This property was scheduled as property no. 17 on the selective policies. The Selective Policy was set to expire on September 8, 2021. In August 2021 the Selective Way Insurance Company policy listed the producer (broker/agent) as "CBIZ Prince-Wood Virginia." That policy was set to renew on September 8, 2021. In August, the Plaintiff called the agent with CBIZ concerned that the adding of the Property to their Selective Policy had caused the premium to substantially increase and indicated that the Plaintiff was going to shop the insurance around.

In August, the Plaintiff decided to seek alternative insurance quotes for its various properties from various other insurance agents/brokers.  In seeking new quotes, the Plaintiff contacted a broker with Hazar Financial Services, LLC to obtain a separate quote for the Property with a different insurer than Selective.  The Hazar broker obtained a quote from Hartford Underwriters Insurance Company ("Hartford") who quoted coverage for the Property for the period from 9-7-2021 to 9-7-2022.  On September 1, 2021, the Plaintiff informed Hazar Financial Services that it wished to go with the Hartford policy for the Property involved with the Hartford policy matching all the endorsements and coverages which had been provided for the Property under the Selective policy.  On September 2, 2021, the Hazar agent asked the Plaintiff if under the new policy with Hartford, whether the Plaintiff was seeking coverage for the Business Personal Property in the restaurant since such coverage had been included on the Selective Policy.  In response, the Plaintiff indicated that it had a landlord's lien on the Business Personal Property it would like to have the Business Personal Property Covered.  When the Harford policy was issued on or about 9-7-21, Plaintiff was provided coverage for Business Personal Property.

The Plaintiff contacted its old CBIZ agent who had procured the Selective policy for the period prior to September 2021.  The following email exchange occurred related to whether the selective policy would cover the DC Property at issue when it renewed.  On September 7, 2021 the Plaintiff told the CBIZ broker that

> Good Morning Philip
> 2404322 Renews at midnight. I will renew without the DC building since I solved the this Insurance problem. Sorry I could not wait any longer. I Got the identical coverage from the Hartford at less than half the price of Selective. I went for it and paid the premium in full.  Please remove 237 2nd Street NW, Washington DC building from Selective Policy 2404322 and have them rebill me. Let the 2404324 policy stand as is. The 47K for 2404322 should drop down to about $30K and we can move along.

3

See Ex. 1 hereto.  In response, the CBIZ broker stated that "We will request the underwriter to remove the DC property from the renewal. I am going to let the marketing exercise play out on my end and let you know what I find so maybe we will have some answers for next year."  See Ex. 2 hereto.  However, despite the conversation above, when the Selective Policy renewed on September 8, 2021, the Selective policy covered the Property at 237 2nd Street, Washington DC.[1]  The refusal of Selective to remove the property located at 237 2nd Street before the renewal as later explained by Selective's broker.  That explanation for this came in an email to the Plaintiff from the CBIZ broker who explained as follows in an email sent September 22, 2021:



See Ex. 3.  Accordingly, the same property located at 237 2nd Street NW, Washington DC was covered by both the Hartford Policy and the Selective Policy on September 14, 2021, when a fire damaged the building and contents rendering it unfit for occupancy.  Indeed both Hartford and Selective appointed adjusters to cover the fire loss.  Despite there being coverage under both policies, Selective's adjuster convinced Plaintiff that it should not actively pursue Selective and should treat the Selective policy as canceled as of the date of the loss.  The selective adjuster told the Plaintiff that if it pursued both insurance companies, it would result in the Plaintiff paying

---

[1] See Selective Policy as renewed attached as Ex. 4 which included the Property at 237 2nd Street, Washington DC.

two deductibles. This statement was both wrong and a bad faith attempt to induce the Plaintiff not to seek coverage from Selective.

At the time that the suit was filed, counsel for Plaintiff was unaware of the Selective Insurance Policy as a viable policy at the time of the loss. The coverage was discovered in a document review made in July. Likewise, it was not until July 14, 2023 that Plaintiff obtained a copy of a suit in which the Tenant had filed against its own property insurance carrier – Travelers. In that suit it was learned that even though the Tenant was seeking coverage for the personal property even thought Plaintiff had a possessory, security and lien interest in the same. Plaintiff became aware that the Tenant was seeking an ownership interest in the property on which the Plaintiff had a security, lien and possessory interest setting of a dispute as to the items. Accordingly this amended complaint adds the Tenant to have this Court resolve any competing claims to such property.

**PROCEDURAL HISTORY**

1. Plaintiff filed suit on May 31, 2023 in this Court.
2. The Defendant filed an Answer on June 27, 2023.
3. In the joint discovery plan submitted to this Court, the parties hereto agreed to allow amendments of the Pleadings on or before August 2, 2023.
4. On July 11, 2023, the Court issued its scheduling order which required parties to file amendments to the pleadings or to add parties as soon as possible after the grounds were discovered.
5. The Plaintiff became aware of the need to add these parties on Friday, July 14, 2023 and immediately called counsel for the Defendant to discuss the same.
6. It is not believed that there is any opposition to this motion.

7. The Defendant has not propounded any discovery, and discovery was not permitted until this Court issued its Scheduling Order on July 11, 2023.

8. Plaintiff, pursuant to FRCP 15, has filed a redline copy of the Amended Complaint. It is respectfully submitted that the amendment will not cause prejudice or undue delay to the non-moving party, and that motions to amend "shall be freely given when justice so requires" and it respectfully submitted that this motion should be granted.

9. This motion is also made under FRCP 19 as Persons required to be Joined if possible as the court could not accord complete relief among the existing parties without such joinder.

## ARGUMENT

F.R.C.P. Rule 15 provides that a party may amend its pleading "with the opposing party's written consent or the court's leave," and that a "court should freely give leave when justice so requires." It is respectfully submitted that pursuant to FRCP 15(a) the Court should allow the amendment. The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). As there is no prejudice to the Defendants at this stage, it is requested that this Court grant the motion to file the amended complaint. Chavez v. Flex, No. 1:22cv1261 (RDA/IDD), 2023 U.S. Dist. LEXIS 102262, at *3 (E.D. Va. June 12, 2023)

Similarly, FRCP 19 permits this Court to add parties to allow the court to accord complete relief to the parties. A motion to amend "should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Tao of Sys. Integration v. Analytical Servs. &

Materials, Inc., 299 F. Supp. 2d 565, 570 (E.D. Va. 2004) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Here the Court's pretrial order has just issued days before this motion.  At this time no discovery has been propounded by the existing defendant, and no prejudice will result in the addition of the parties hereto.  Indeed if the insurance company being added is found to have liability, then Hartford may certainly have a right to seek repayment from Selective.

In Tao of Sys. Integration v. Analytical Servs. & Materials, Inc., the plaintiff sought leave to add additional defendants after a responsive pleading had been filed. In granting the motion, the court noted that permitting the amendment would not result in prejudice to the named defendant because the "motion to amend was filed at an early stage in the litigation." Tao of Sys. Integration, at 571 (E.D. Va. 2004) (citing United States v. Thomas Howell Kiewit, Inc., 149 F.R.D. 125, 126 (E.D. Va. 1993)). The court further noted that the plaintiff's desire to amend appeared to stem from "a good faith belief in legitimate claims against the parties sought to be added, rather than a bad faith attempt to manipulate the court's jurisdiction or cause undue delay." Id. The court further stated that the claims asserted in the plaintiff's amended complaint were "not clearly frivolous or patently defective such that leave should be denied." Id. ., at 125 (E.D. Va. 1993) (granting motion to amend to add party "because See also Thomas Howell Kiewit, Inc it was an early stage in the litigation and would not prejudice the insurance company, the court granted leave to file the amended complaint").

Here, the Plaintiffs seek leave to add amend the Complaint to the parties and claims against (1) Selective Way Insurance Company who had coverage on the property at issue along with Hartford when the loss occurred:  (2) adding the Tenant to allow the Court to address the

7

competing rights of Plaintiff and the Tenant in the Business Personal Property, fixtures and insurance proceeds; (3) adding the guarantors of the Tenants obligations.  As in <u>Tao of Sys. Integration</u> and <u>Thomas Howell Kiewit, Inc</u>., granting this motion and permitting Plaintiffs to add these parties will not prejudice the Hartford because it is an early stage in the litigation and because this Court typically issues pretrial orders which allow the addition of parties through a date certain. Moreover, the amendment would not be futile as the Plaintiffs are well within the two year limitations period set forth in the policy of insurance at issue.[2]  Consequently, as amendment would not be prejudicial to the opposing party, there has not been bad faith on the part of the moving party, and the amendment would not be futile, this motion should be granted and Plaintiff should be permitted to amend the complaint and add the parties identified herein.

## **CONCLUSION**

WHEREFORE, the Plaintiff, COOPERPRIEST 237 LLC, respectfully requests that this Honorable Court to (1) allow the amendments identified in the Red Line; (2) to allow the addition of the following as additional defendants in this matter:

(a) adding Selective Way Insurance Company as a party defendant to the suit;

(b) adding HRH Services, LLC, the tenant of the space to this suit as a party defendant; and

(c) adding Rachel Traverso and Martin Scahill both of whom are guarantors of the obligations of HRH Services, LLC

and grant such further relief as the Court deems just and meet.

COOPERPRIEST 237 LLC<br>
By Counsel

---

[2] Both the Hartford and the Selective policies provide for suit within 2 years after the date of loss.

8

*/s/ C. Thomas Brown, Esquire*
C. Thomas Brown, Esquire
Va. State Bar No.: 23743
Erik B. Lawson, Esquire
Va. State Bar No.: 79656
SILVER & BROWN
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
(703) 591-6666
(703) 591-5618 – Facsimile
*Counsel for Plaintiff*
tom@virginia-lawyers.net
erik@virginia-lawyers.net
*Attorney for CooperPriest 237, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July 2023, I electronically filed a copy of this *Memorandum in Support to Amend to Add Parties* with the Clerk of Court using the CM/ECF system, which will then send notification of such filings (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

George E. Reede, Jr.
VA State Bar No.: 78968
Bryant S. Green
VA State Bar No.: 96408
ZELLE LLP
1775 Pennsylvania Avenue NW, Ste 375
Washington, DC, 20006
(202) 899-4112 phone
(612) 336-9100 - facsimile
greede@zellelaw.com
bgreen@zellelaw.com
*Counsel for Defendant,*
*Hartford Underwriters Insurance Company*

*/s/ C. Thomas Brown, Esquire*
C. Thomas Brown, Esquire
Va. State Bar No.: 23743
Erik B. Lawson, Esquire
Va. State Bar No.: 79656
SILVER & BROWN
10621 Jones Street, Suite 101
Fairfax, Virginia 22030
(703) 591-6666
(703) 591-5618 – Facsimile
*Counsel for Plaintiff*
tom@virginia-lawyers.net
erik@virginia-lawyers.net
*Attorney for CooperPriest 237, LLC*
